Good morning. I am pleased to report my name is Nicholas Marsh with the U.S. Department of Justice Public Integrity Section on behalf of the government of the United States. There are two issues in this case. I would like you to start out with the certificate of appealability issue, well the certification issue. We issued an OSC. We had some response. I gather you were the one at the district court pre-grace and bank in any event. And you certified that you were going to take the appeal, made the statutory representations. The way the record now boils down in light of grace and bank, which you were aware of when you filed your reply brief, made clear, grace made clear that there were two elements that we were relying on in reversing our long line of authority and joining the other circuits. One was that the certification had to be by the United States attorney personally. Secondly, that we took comfort from the fact that it was represented to us and to other courts of appeals across the country that no appeal was taken to the courts of appeal without the review of the solicitor general. And indeed, coincidentally, during our judicial conference last week in Sun Valley, the solicitor general, Paul Clement, who I believe was the solicitor general probably at the time this happened, or certainly was until recently, made that clear that he personally, as did Seth Waxman, a former solicitor general, speaking on the same subject in the Ninth Circuit at another time, said so. I thought the opinion was quite clear that the reason the Ninth Circuit and bank court majority over a vigorous dissent by a former United States attorney, Mike Hawkins, who wanted to stay with the old system, was that it was a personal certification by the U.S. attorney and it was reviewed by the solicitor general. Now, what the record now appears to show is that because of the recusal of the United States attorney, someone at the Department of Justice appointed or delegated the Welch, the head of the public integrity section, as the acting United States attorney for this case. I don't see any evidence that the attorney general, pursuant to the delegation statute, has in fact authorized that. Secondly, I don't see anything in the record to suggest that the solicitor general participated in a review of this appeal. So if we weren't clear enough in the Grayson Bank, the question that's presented in this case is how clear do we need to make it? And what should we do on the facts of this case? Thank you, Your Honor. And if I'd like to address a number of those issues in a slightly different order than the Court has proposed them. First, with respect to the participation of the solicitor general's office, that is, as Grayson noted, a requirement in all criminal appeals. It was not something that was directly put forth in the court's OSC. Therefore, given the limited space, we did not address that. I can reference to the Court that this, like all other criminal appeals, was reviewed and authorized by the office of the solicitor general. Now, with respect to the certification, certainly the government read the Grayson opinion that came down on May 15 that we included in our reply brief. At that time, I can represent to you that we believe, given the specific facts of this case, that the certification made by the government was still permissible under Grayson. This was not a circumstance which this Court has seen many, many times, where the government has, through lack of diligence or irresponsibility, failed and neglected its responsibilities under Section 3731. Rather, in this case, the district court required the United States to make an oral certification on the record at this time. The Court is aware that this occurred on May 15. The issue, just so you're clear, isn't whether it had to be oral or not. The question is whether there had to be evidence of somebody by somebody in authority. You were not, you were making the oral representation. There was no fax copy of the written certification by your superior, nor any evidence that he was the authorized person. Certainly, at the time, that is correct. And at the time, it was pre-Grayson that this occurred, and the government had no, we did not believe it was certain. After the Grayson decision came down, we still believed, and it may be that we believed it incorrectly should this Court determine that, that the personal communications by line attorneys with an authorized official, immediately prior to the certification being made, knowing it was going to be required at the time, given the geographical distances, was still personal in that context. This was not a case in which the line attorneys did not seek prior certification. In fact, I can represent that we were aware that this issue would come up, and it was because of that that we tried to exercise the diligence that we could to address it with the superiors, with an authorized official, prior to going into court and being required to make that representation. Should this Court, as we indicated in our response to the LSC, should this Court conclude otherwise, that even after W.R. Grayson, the Anbaugh decision, that it still is not, that we submit that the attachment at Mississippi to our response, which is a signed certification by the chief of the public integrity section, should be sufficient. And to that extent, I note that in many other circumstances, this Court has permitted the government to supplement the certification in much more egregious circumstances than this. And all I can say is that this is a situation that we represent. Well, let me, I understand that, and I don't want to belabor the point too much, because obviously we need to get to the merits. But the point of this is, Grace did not specifically address, obviously, the circumstance where the United States attorney of the district involved is recused. What is the link that is missing in this case, and not to put too fine a point on it, but it's been raised by counsel for the defense, is that under Section 515, 28 U.S.C. 515, provides the attorney general or any other officer of the Department of Justice, I'm leaving stuff out, may, when specifically directed by the attorney general, conduct any kind of legal proceeding which United States attorneys are authorized by law to conduct. Now, all we have on the record at this point is your representation that Mr. Welch has been designated. There's nothing to show in this unusual circumstance that Mr. Welch has been designated by the attorney general. Normally EOUSA, in my experience, reports to the deputy attorney general. It's not clear to me who would have to be designated, but it is unclear how the line of authority gets Mr. Welch in a position to sub in for the U.S. attorney for these purposes. Certainly, Your Honor, we respectfully disagree with that on this point. We know that this is one of many cases in which the United States has operated pursuant to this refusal. We have filed briefs, we have tried cases, we have tried multiple cases on this issue, and throughout all of that, the fact that the United States Department of Justice has been leading this investigation, we submit is sufficient evidence. I would like to respond very briefly to it in a different way to the Court's concerns. One of the cases cited by the defense attorney in this case is United States v. Gantt, this Court's decision in 1999. We submit that Gantt dealt with a different issue in a earlier discussion with Gantt. This Court's government position that the certification under 3731 was in fact provisional. Gantt, of course, dealt with the Appointments Clause and whether or not the judicial branch could, in fact, intrude upon the executive branch by having a court-appointed United States attorney. Certainly, there are statutes that deal with the appointment of an interim or active United States attorney. But what Gantt recognized, and this is specifically at 788, is going through the various parts of Title 28 of the United States Code that made clear that the United States attorney and the attorney general, through his designees, may, in fact, delegate that authority to whomever he wants. There's just no evidence of delegation there. Judge Fischer's point is there's no, we don't have, of course, any evidence of that delegation. I think it might have been sufficient, even as Mr. Welch said, you know, I have been designated as, or pursuant to such and such, I am, for the purpose of this case, the acting U.S. attorney. He didn't say that. And it doesn't point to any, you know, delegation authority from somebody or anything like that that makes him the acting U.S. attorney or the equivalent. Your Honor, certainly when we were responding to the Order to Show Cause, we intimately were focused on what we believed was a different issue, whether or not there was, in fact, a certification that was proper. We believe that given... Well, a certification by an authorized person. Right. And from our standpoint, Your Honor, Title 28 works very clearly that the attorney general has the authority to be able to do this. Certainly should... I know, just because he has authority, that would mean like you could do the certification, just because the attorney general has the authority. I mean, that, it doesn't follow, does it? Well, Your Honor... Mr. Welch has the authority because the attorney general does. Well, certainly what Title 28 says, the attorney general can designate to, and if I get the language correct, any officer of the Department of Justice, whereas it may be a very... When specifically directed by the attorney general. What's the evidence of being specifically directed by the attorney general? All we know on this record is Mr. Welch has assumed the status of the acting United States attorney. I said I don't want to belabor this, but I think the Department of Justice needs to get together with you folks and work it out, because we'll make it clear, I suppose we'll have to. But what needs to be done, because Grace was a very hotly contested piece of litigation, and this court moved and overruled a lot of outstanding precedent, and it is not a happy coincidence that the first case that we have to deal with now is one that has this unresolved point. I want to make sure that the department knows that Grace meant what it said, that it's the United States attorney personally or someone authorized by the attorney general to do so, and that the review by the solicitor general is material. Okay? That's what we're trying to communicate and get to the root of here. So I think you've made your position clear, and I hope we've made our position clear. Absolutely, Your Honor. And if I may just, I don't want to belabor the point, but one other thing. I do believe, we submit that there is some substantial evidence that the court here is not, should not consider this as a jurisdictional defect, but rather as whether or not the court should entertain its equitable powers. Let's just talk about the process, okay, and we'll get to the rest of it. Okay. All right. So now we'll move on, and we'll put some more time on the clock. So we took this on the other issue. Thank you, Your Honor. The merits of this case, the question presented to the court is, relates to whether or not Excuse me, I'm going to have the clerk reset it to 15 minutes. 15 minutes? Yeah. Because I don't want the red light flashing in my face either. Thank you, Your Honor. The legal question presented by the government's appeal is whether or not state law is required to be effectively a predicate defense for prosecution under Title 18 of the United States Code, Section 1346. In that case, we submit that the majority of circuits to address the question have concluded that it is not. And to the extent that the district court in this decision quite clearly embraced the one federal circuit court that has explicitly held that it does, we submit that the district court can, and that the legal basis underlying district court's denial of government's motion to eliminate for the admission of evidence should be overturned. Let me tell you, counsel, what worries me about that statement. If we allow intangible rights prosecutions without a state law limiting principle, how can we avoid creating federal common law crimes and risky selective enforcement? Certainly. Your Honor, this is not a federal common law area, and I'd like to go through exactly why it's not. As this Court recognized in Frege and in Williams, what Congress intended to do, specifically intended to do, through the enactment of Section 1346, was to reset the legal landscape to the pre-McNally era. District courts in the pre-McNally, Congress quite clearly needed to overturn that, and in so doing, as this Court recognized both in Frege and in Williams, the courts look to the pre-McNally case law for, among other things, defining the scope of the duty that is encompassed within the concept on the services as articulated in Section 1346. So, Judge Nelson, we submit that what this Court should look to as guidance and as comfort are those cases prior to McNally. And as we submitted in our papers, the cases coming down from the vast majority of the districts pre-McNally clearly rejected the concept that state law violation was effectively a predicate defense of prosecution under an intangible rights theory. Second, Your Honor, I would note that the concern, certainly we understand the concern that the expansive nature of this could go, and I would note to the Court that one of the elements of an honest services fraud prosecution, as is the case of any liar or And that, Your Honor, is legally and certainly practically speaking a very limiting principle upon what the United States can do. Thank you. Can I sharpen that a little bit? You've brought a claim or account in this case for bribery. That's correct. Okay. And having in mind the First Circuit's opinion, which you rely on, and which did, in fact, establish that you could prosecute on honest services without an actual state law violation, Judge Boudin was quite careful to lay out the concerns that Judge Nelson just raised. And he posited a circumstance, and in fact seemed to rely heavily on in that case, that essentially it was a companion count in that case to bribery, that there was actual bribery. So what is it that the government, but he also raised the concern for the Court that if all that was involved was a pure, as he put it, pure conflict of interest, then they might be very troubled by that. And, of course, the Fifth Circuit and the Seventh Circuit have picked up on that and gone against the First Circuit, going down the line of Judge Nelson raised. The concern I have in this case is you've charged, as I understand it, bribery. You have the honest services count here, which seems to go off on the notion that, notwithstanding Alaska doesn't have a conflict of interest or disclosure law, that what was done here was akin to bribery. But since you have a separate count for bribery, I'm not sure where one draws the line or where they bleed into each other and whether, in effect, what we're doing is piling on criminal charges for the same conduct. If you can reach it by bribery, why do you need honest services? And if you can't reach it by bribery, what's the dividing line? That's a long statement, but I'm trying to wrap up some of what the jurisprudence is and focus it here. Absolutely. And, Your Honor, if I can, I'd like to first address the concern about the overlap and the piling on the criminal charges. As I understood the Court's question, I identified two separate questions. I note that the defendants suggested, and the District Court declined the suggestion, that the indictment as pledged charged simply an honest services fraud bribery theory. As the District Court found in this order that's the subject of the appeal, the government properly pled both an honest services fraud based on bribery and honest services fraud based on non-disclosure. With respect to the legal theories, it is certainly true that honest services fraud is a broader spectrum than simply bribery, and we submit that the relevant case law permits the government to charge different statutes that cover different conduct. We submit that there's nothing inappropriate from the government standpoint in that context. As the courts have recognized, not just the First Circuit, but also the Fourth Circuit, the Seventh Circuit, and the Eleventh Circuit. We respectfully disagree with the Court that the Seventh Circuit aligns with the Fifth Circuit on this. I'm sorry, it's the Third Circuit. Third Circuit, yes. Those four circuits have very clearly identified that there are two different lines of honest services fraud, the bribery, but also something that doesn't rise to the level of bribery, the material non-disclosure of a conflict of interest. I'd like to return to what that means, but before doing so, I'd like to respond to the Court's concerns about Chief Judge Boudin's decision in the Urscioli case. That was a case, Your Honor, coming after the two First Circuit decisions in Sawyer, the First Circuit decision in Woodward, and also the pre-McNally First Circuit decision in Silvano. And in all of those decisions, the First Circuit was very clear that a material non-disclosure of a conflict of interest, irrespective of the state law, could permit the government to proceed on prior to McNally, intangible rights theory, after 1346, honest services fraud theory. Judge Boudin, in Urscioli, certainly expressed some concern about that, but also noted specifically that, and I point the Court to 513 F. 3rd and 295 footnote 3, noting the typical cases involved, dot, dot, dot, filing of false financial disclosures, or other non-disclosures in relation to official duties, citing First Circuit's prior decision in Woodward. We thus submit that Urscioli didn't change legal landscape at all in the First Circuit, but rather acknowledged that Woodward and us, Sawyer and Silvano, still stand for what they did. Now, with respect to – I did want to turn slightly to the material non-disclosures and concealment of conflict of interest. As – By the way, before you move on, just to be clear now, you're not challenging, right, the district court's conclusion that there's no state law violation here, is that correct? No, that's not that portion of the district. All right, so at least we'll worry about it later, but for purposes of this appeal, you're not contesting that? That's correct. And certainly what we – we're not contesting the district court's conclusion that, although there's no state law violation, the state law does not specifically speak to this issue. And, Your Honors, that leads into why we submit that allowing prosecutions in this context, irrespective of whether state law duty is imposed, is fair. And there are three points I'd like to make. First, it's what Congress intended to do. This is not a statute in which there's any ambiguity about what Congress intended to do. Congress knew very well the scope of the issues. The existence of the state law credit defense conduct was an issue that was discussed in a footnote in the McNally opinion, and then one term later in the Carpenter decision, the Supreme Court dealt with a nail-and-wire crime case, I don't recall which one it was, in which there was no state law duty that was in that case. That Carpenter decision was relied upon by the Fourth Circuit in the Bryan decision from 1994, in which the Fourth Circuit concluded that had the Supreme Court believed that state law duty was a predicate, it would have done something differently in Carpenter. Along those same lines, we note that there are a number of statutes on the books of the United States Code in which federal jurisdiction is predicated upon proof of a state law violation. Section 1952, ITAR, the Travel Act of the United States, is such an example in which the federal nexus there, interstate travel, is in some circumstances predicated upon proof that a state law crime was violated, also RECA. So we submit that from those circumstances, this is what Congress quite plainly intended to do. Second. Excuse me, Counsel. Why shouldn't the rule of lenity apply here? It's clear from the circuit split that the statute, or lack thereof, produces an ambiguity here. And so why shouldn't we apply the rule of lenity? We submit that the rule of lenity is not appropriate here. This Court has previously found and rejected challenges to 1346 on famous theories. We submit that it is not a, and the fact that there is a circuit split doesn't in any way implicate the rule of lenity, that this statute quite clearly was passed by Congress to encompass situations in which a duty is derived from something other than a predicated state law offense. All right. Thank you. The second point to that extent, I would note that this circuit in Williams, a private honest services fraud case, inferred a duty between basically a financial manager and his client, irrespective of whether the state imposed that duty. So this is a circumstance in which even in private honest services fraud cases, which as this Court noted in Bohonas, the duties in the private honest services fraud cases flow from the concept of the public official and the fiduciary duties that he owes or she owes to the public trust. Even in Williams, this Court didn't look outside to find the state law duty. Rather, this Court found that in a private honest services fraud context, that relationship between employer and employee can be insufficient. And third, I note that when looking back at some of the pre-McNally cases, Mandel, Margiotta, Silvano, and also looking at specifically the way that this circuit defined the concept of the intimidation theory in Bohonas, these are cases in which the courts have recognized that public trust is something that people seek out. And it's attended to the concept of public trust that a public official is in fact a fiduciary for those to whom he reports or she reports. And the concept of having a material nondisclosure that results in a concealment of a conflict of interest in no way stretches the boundaries, we submit, of what a public official should know is conduct that he or she may not engage in. So what if this were a case in which the VICO people were simply chatting up a legislator and there was no financial arrangement, but there was what would clearly be a lot of whining and dining and so on and so forth such that at an appearance of conflict kind of standard, that's what you would have. I think that may be what perhaps that's what Judge Boudin was getting at. But where it just looks bad, given the relationship, a lot of fishing trips out in the wild, that these people were real buddies, and all of a sudden these votes start switching around, is that within the ambit of what you're suggesting is covered here? It would seem very difficult for the government to find evidence of proof beyond a reasonable doubt to show a conflict of interest in a circumstance such as the one that the Court just articulated. Certainly the First Circuit has recognized the idea of pecuniary gain or the attempt to get pecuniary gain. I personally can think of some circumstances in which that may be too stringent. Certainly seeking, as an example, pecuniary gain for a third party or having something else that was of value could also satisfy the statute. But certainly with respect to conduct in which two people are getting together and talking about issues as the Court defined, absent some, it's a little difficult to answer. Does there have to be a quid pro quo? No, Your Honor, there does not. I did want to also note that in these contexts, state law in existence or lack thereof is not something that should limit the federal government's authority to be able to declare a certain conduct criminal in a field. State law should not be able to preempt. It should not be able to limit federal authority. Now, that said, the government concedes that the existence of state law for state regulations are nonetheless relevant in a prosecution as it goes to specific intent to defraud. And we believe that that relevance is in fact something that should give litigants and defendants in this Court in particular some comfort. If there are no other questions at this time, thank you. Thank you. Good morning. Good morning. I'm Douglas Pope representing Mr. Weirach. And you have some flexibility on your time if you need, because we gave the government a little extra. Thank you, Your Honor. I'll try to stay within the time. I just want to briefly address one point that my earlier colleague made when talking about jurisdiction. He said, as I understand it, we have tried multiple cases on this recusal. And I assume that that argument was advanced to suggest that because they tried multiple cases on this recusal, that they, by definition, have authority to certify under 3731. But the Gantt case directly addressed that and pointed out that the fact that the certification wasn't by the U.S. attorney or the fact that the U.S. attorney was not present on the grand jury or wasn't present at trial didn't necessarily divest the Court of Jurisdiction. It wanted to divest the Court of Jurisdiction. It was the fact that the U.S. attorney had not, or someone who wasn't properly designated to take his place, had not certified under 3731. I also think that the case that we cited in the footnote on page 2 of our reply, United States v. Wallace, 213 F. 3rd and 1216, is instructive because there the Court went to great lengths to determine whether, in fact, the acting U.S. attorney, who was an assistant U.S. attorney, had been properly designated pursuant to an unbreakable regulation. As the Court has pointed out here, the government cited no unbreakable regulation and they cited no evidence to support the suggestion that an attorney general had specifically directed Mr. Wallace to pursue this appeal under 3731. Turning the attention to the merits, in reviewing this case, I read very closely all of the circuit court decisions, and I think we've adequately addressed those in our brief. Well, counsel, since you have read them so thoroughly, will you help me with the Bohannes case? Why doesn't Bohannes compel us to say that nondisclosure satisfies the fraud element of the statute? There's four reasons. I guess the way I've characterized it in my own mind is the Court required overruled Bohannes. That's how I'd describe it. And my first answer is procedural matters. In this case, the district court not only found that there was no state law duty, and the Court did find that there was a comprehensive disclosure regime, but not for disclosing this potential conflict of interest, but the Court also found that the evidence offered, the specific evidence that we're here arguing for, was only relevant to a state law violation. Now, the government has not even appealed that part of the order and has not argued that the district court was clearly erroneous in making that finding that the evidence was only relevant to a state law violation. So my first answer is you can affirm the district court values addressing Bohannes because the government has not argued the proper standard of review here, which is a clearly erroneous standard. They didn't even attend the conference. They've argued, so our position is they've waived it. The second reason is that Bohannes was a case involving kickbacks to an employee who had been insured and did not ever directly hold that a duty to disclose need not arise under state law. And we believe, we've argued in our brief, that's likely because it wasn't contested since receiving a kickback under the circumstances was clearly a state crime, and we cited that in our brief. The third reason, we believe, is that Bohannes relied on the Seventh Circuit case, U.S. v. Bush v. Dicta, that a public official's nondisclosure of material information has been held to satisfy the fraud element. Yet Bush, like many, most of the cases the government cited, involved a case where state law required the defendant to disclose a conflict of interest and instead filed false statements. So the case that Bohannes relied on was a case where there was a state law duty expressed and not expressly violated. But we think the fourth reason is that because it was a kickback case, the common law, we believe the common law, law considered a breach of fiduciary duty to an employer to accept kickbacks in exchange for exercising official duties. The Third Circuit has spent some time in distinguishing between the bribery theory of honest services fraud and the failure to disclose conflict of interest theory. Now, bribery was a common law crime. It's our position that accepting kickbacks is the equivalent of accepting a bribe or soliciting a bribe, and therefore kickbacks were a common law crime. But a failure to disclose a potential conflict of interest was not a common law crime. And so the Third Circuit in its recent case that has not been cited by either party, which is U.S. v. Kemp 500 F. Third 257, there the court distinguished that because common law bribery was a common law crime, it had always been recognized as a breach of fiduciary duty to accept or solicit a bribe, that they could, the Third Circuit construed the statute to that at the time Congress passed 1346, it must have had that in mind, therefore bribery could be considered. A quid pro quo bribery could be considered a deprivation of honest services without a state law crime, but they were still going to adhere to their position that a failure to disclose a conflict of interest required some sort of a state law predicate to avoid vagueness and federalism. You said that case was not cited in your briefs? No, it was not cited in either brief. Would you submit it to the court for an opposing counsel, please? I will. Thank you. We're following this, Your Honor. So our position is that this court can adjudicate this case without overruling Boehner's or without taking it in bank by just focusing on the fact that Boehner's was a kickback case and this case involves a failure to disclose a potential conflict of interest. Now when you say failure to disclose a potential conflict of interest, as I understand it, and maybe I'm misunderstanding the state of the record here or the allegations, this was a quid pro quo legal services employment promise in exchange for votes. That's how the government does it. That's how they characterize it. That's how they fight against it. And that's what they'd have to prove. In other words, okay, so that's not an appearance of conflict and it's not potential conflict. If somebody is agreeing and negotiating and discussing with an outsider with an interest in the legislation and says, I will be happy to do your bidding, in effect, or make this legislation come out the way you want,  I need to put my kids through college, so I want to make sure I'm going to get some legal work from you folks when we're out of session. Why isn't that more than just an appearance of conflict? It bleeds into, if it isn't bribery, it's sort of awfully right up against it and why wouldn't that be the kind of honest services deprivation that the Congress is intended to reach? Well, there's a couple of questions in there, and I want to go back to your also address your question to Mr. Marsh. Doesn't the honest services charge it? That's essentially a derivative of the bribery charge, which we believe it is. But the way they argue this is that he was soliciting or negotiating for employment, and the failure to disclose the crime was a crime. So that's neither making a deal nor a quid pro quo deal or even getting into an arrangement where there was a promise. The argument is that soliciting or negotiating for employment without disclosure on the floor of the House, pursuant to House rules, was a crime. And they're arguing that the mail fraud statute should be extended that far, and we believe that that argument essentially unmoors the amended mail fraud statute from the commonwealth fraud. And to that extent, and this goes back to the last answer to your question, Judge Nelson, is we think all of those, and louder than both, have been effectively undermined by the U.S. Supreme Court decision in May. And in the name of the other case, it starts with a C, but Nick would have it right off the tip of his tongue. I'll come back to it. But in Bollinger's and Lotherman, they both relied upon a view of Durland, the Durland case, the U.S. Supreme Court case, that essentially looked at the, and used Durland to argue, that the statute really had two, you could prosecute under two theories. One was under the first, the first part of it was the mail fraud statute was a scheme or artifice for defraud, and the second part was the second clause, and the Supreme Court in McNally and in Cleveland, that's the case I'm going to call it, McNally, Cleveland, and Nieder, all made it clear that, first of all, there's only one theory of mail fraud, there's not two theories, and that, and in Nieder, the court expressly made the point that the argument by the government that Durland unmoored the mail fraud statute from the common law of fraud was overstating the case. So to that extent, we think Bollinger's has been undermined by Nieder, and therefore, the court is, even if it considered Bollinger must be controlling on some level, the court, because it's been undermined by Nieder, can reach the merits of this case. And going back to your question, Judge Fisher, because that's how they argued it, that's, they're essentially, the evidence that was offered to the district court, they didn't offer any evidence of quid pro quo bribery. They offered evidence regarding the duties of the house. They offered evidence regarding some materials, written materials that were available to every legislator. They offered evidence that Mr. Weirach was on the committee on ethics. But all of those, as the trial judge properly found, only went to whether there was a duty disclosed under state law. And he found, presumed to have statutes, that there was none. So we've proceeded on, and I think the government's proceeded in this argument, on this theory that soliciting or negotiating for employment, if you don't disclose that, and that's a potential conflict of interest because there has been no deal, that that's within reach of the statute. We think that the Congress has not clearly, unmistakably, made it unmistakably clear that Congress intended to reach that far, that the fraud element of the statute could be satisfied by an undisclosed, a failure to disclose a potential conflict of interest. The, I agree with Judge Nelson, that the rule of lenity, under the circumstances, should be applied here. I didn't say it should be applied. I said should it be applied. Well, I would concur with the question that it should be applied. Your Honor, sorry, I didn't mean to misspeak there. That the rule of lenity should be applied because, in this case, the real question, of course, is, what did Congress intend when it passed the statute? It's not what the previous allegations were. What did Congress intend? And we think that the language that was used in our scheme to deprive an editor of intangible right to honest services suggests that Congress did not intend to go in the direction that the government argues. First of all, use the word right. Now, right presumes an enforceable duty, and the authority for that is U.S. v. Murphy, 323 F. 3rd and 117, the Third Circuit case. But as we've also argued in our brief, the word another is a term that's familiar to the common law of fraud. In any fraud case, there are always two questions on liability. Is there a fiduciary duty, and what are the scope of fiduciary duty? We submit that all Congress did is overturn the determination that there need not be a, that to deprive someone under the mail fraud statute had to involve property, if it could not deprive another of the intangible right to honest services. But Congress had not spoken unmistakably clear on what it meant by honest services, and to use the term right and the word another in the same statute suggests that the common law of fraud is split, you know, in Congress's mind when they pass this statute, and at least the rule of language should be applied to reach that result. And in our briefing, we've played out how the common law of fraud, there had to be an independent affirmative duty before there could be a fraud for a breach, for failure to non-disclose a material fact. So in this case, how do you determine whether it's, you know, there is an independent affirmative duty, how do you determine whether the breach of that duty was material? And that's where Brumling and the Third Circuit, and we've submitted some other cases, have essentially concluded that the only meaningful way to determine that without running into federalism issues or vagueness questions is to rely upon an affirmative duty under state law. All right. Thank you. I'll give you a minute. You've had plenty of time. First, Your Honor, the government did, in fact, cite a case. You'll find it in the government's brief at page 26, footnote 9. Second, with respect to proponents, I'd like to put attention to page 1171 of that decision in which the court notes that the intangible rights scheme includes two different categories. Number one, the bribery of public officials, and number two, and I quote, a public official's nondisclosure of material information. And I'll talk about that in some great lengths. Third, Nader is a materiality case. We know that that, we submit that that does not have any relationship to the applicability of 1346. And furthermore, note that other post-McNally cases have cited Nader and not found it to be materially different. For instance, the Nader case in the 11th Circuit, 198-F3-1324. Fourth, with respect to the evidence sought, the government intended to and sought introduction of a number of things, including, for instance, that Mr. Weirach's legislative committee put out a handbook that contained hypotheticals very similar to the conduct to counsel against doing it. Also, testimony concerning statements made on the floor of the House. That was the whole point of the motion. The district court concluded that under the legal theory, we could not report that evidence. We do believe those are right for the court. And finally, the congressional intent, as we argue, is exactly what the fair challenge is. Thank you very much. All right, counsel. Thank you both for the good arguments, and the case is submitted. Thank you. All right. All right. We'll go to the next case on calendar, Fairbanks-Northstar Borough v. U.S. Army Corps of Engineers.
judges: Nelson, Tashima, Fisher